IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Richmond Division**

VICTOR B. IDJERHEFERE,

    Plaintiff,

v.                                                                             Civil Case No. 3:15-cv-360-JAG

SYNCHRONY BANK,

    Defendant.

## ORDER

This matter comes before the Court on the defendant's removal of the case to federal court on June 12, 2015. The defendant subsequently filed a motion for a more definite statement on June 18, 2015. (Dk. No. 3.) The Court GRANTS the motion and DIRECTS Idjerhefere, the *pro se* plaintiff, to file a particularized complaint in this Court on or before **July 13, 2015**.

The particularized complaint shall contain the following:

    a. At the very top of the particularized pleading, the plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:15-CV-360."

    b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, the plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, the plaintiff must clearly identify each legal claim and the basis under federal or state law for that claim. Under each section, the plaintiff must explain why he believes the defendant is liable to him. Such explanation should refer to the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion.

    c. The plaintiff must also include a prayer for relief.

    d. The particularized pleading will replace any prior complaints. The particularized pleading must stand or fall of its own accord. The plaintiff may not refer to statements in any prior complaint or warrant in debt filed in state court.

    e. The particularized pleading shall be no longer than fifteen (15) pages, double-spaced, in length.

Each claim must be well-grounded in the law and fact; the particularized complaint must omit any unnecessary incorporation of factual allegations for particular claims that lack merit. *See Sewraz v. Guice*, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008). In the particularized complaint, the plaintiff shall state what specific sections of federal or state law that each defendant has allegedly violated and specific facts supporting each violation.

Failure to comply strictly with the requirements set forth above will result in dismissal of the action without prejudice. See Fed. R. Civ. P. 41(b).

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and via U.S. mail to the *pro se* plaintiff.

Date: June 22, 2015
   Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge